IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LISA ELAINE WASSON, | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO.  1:21-CV-162 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendant*. | § § | |

**ORDER OVERRULING OBJECTIONS AND ADOPTING**
<u>**REPORT AND RECOMMENDATION**</u>

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits.  The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The magistrate judge submitted a report recommending that the Commissioner's decision be affirmed.  The Court has considered the Report and Recommendation filed on January 24, 2023 [Dkt. 16] and the Plaintiff's Objections [Dkt. 17].

Wasson's objections assert that the Administrative Law Judge ("ALJ") used the incorrect severity standard at step two, and Judge Stetson's report and recommendation should not affirm the ALJ's decision.  [*Id.*]  Specifically, Wasson objects to Judge Stetson's findings that it was harmless error for the ALJ to use the incorrect severity standard because her alleged impairments of depression and anxiety, and any limitations from such limitations, were not considered in the residual functional capacity ("RFC") assessment.  [*Id.*]

As pointed out by Judge Stetson, although the ALJ cited to the incorrect severity standard, courts look at the entire analysis to see whether the proper standard was actually applied.  *Pickar*

1

*v. Comm'r of Soc. Sec.*, No. 4:22-CV-00066-O-BP, 2022 WL 16935255, at *3 (N.D. Tex. Oct. 27, 2022), *R. & R. adopted*, 2022 WL 16927803 (N.D. Tex. Nov. 14, 2022). Further, even if the ALJ used the improper standard and applied it incorrectly, this error may be harmless if the ALJ proceeds to the remaining steps and considers whether to assess limitations associated with that non-severe impairment in his RFC analysis. *See e.g., Gibbons v. Colvin,* No. 3:12–CV–0427–BH, 2013 WL 1293902, at *16 (N.D. Tex. Mar. 30, 2013) (any error at step two in assessing the claimant's mental impairment was harmless).

In this case, the ALJ considered Wasson's mental impairments in detail using the psychiatric review technique similar to the *Pickar* case and found only a mild limitation in one area. (Tr. 542.) He discussed his findings in detail. (*Id.*) The Court agrees with Judge Stetson's findings that ultimately the ALJ *applied* the correct severity standard considering his entire analysis. In addition, contrary to Wasson's assertions in her objections, the ALJ also *considered* Wasson's mental impairments and their limiting effects in evaluating her RFC, but ultimately found that a mental limitation in her RFC was not supported by the evidence in the record. Thus, there was no harmful error in this case. *See Campbell v. Saul*, No. 2:21-CV-00010, 2022 WL 17729261, at *11 (S. D. Tex. Aug. 10, 2022), *R. & R. adopted*, 2022 WL 17722666 (S. D. Tex. Aug. 25, 2022) (finding no error where ALJ found depression non-severe and assessed no mental limitations in the RFC for such).

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes that the objections are without merit because the magistrate judge properly found that the ALJ's application of the sequential analysis was free from legal error and supported by substantial evidence. Accordingly, the Court ADOPTS the magistrate judge's recommendation, OVERRULES the Plaintiff's objections, and AFFIRMS the Commissioner's denial of benefits. A

final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 16th day of February, 2023.**

_____
Michael J. Truncale
United States District Judge